IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ROBERT TORCH, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WINDSOR SURRY COMPANY, d/b/a WINDSORONE; WINDSOR WILLITS COMPANY, d/b/a WINDSOR MILL; and WINDSOR HOLDING COMPANY,<br><br>Defendants. | Case No. 3:17-cv-00918-AA<br>**OPINION AND ORDER** |

AIKEN, Judge:

In this putative products liability class action, plaintiff Robert Torch moves for leave to file an amended complaint. Defendants Windsor Surry Company, Windsor Willits Company, and Windsor Holding Company (together, "Windsor" or "defendants") move for an order dismissing all of the causes of action in the Complaint. In addition, defendants move for an order striking all of the class allegations and class claims for relief in the Complaint.

For the reasons set forth herein, plaintiff's motion to amend is GRANTED and defendants' motion to dismiss and motion to strike are DENIED as moot.

Page 1 – OPINION AND ORDER

## BACKGROUND

This is a products liability case involving allegedly defective wood boards used for external trim on houses and other buildings. Plaintiff and Putative Class Representative Robert Torch alleges the WindsorONE trim board installed at his house prematurely rotted and deteriorated, causing significant damage to his home. On behalf of himself and a class of similarly situated persons, plaintiff seeks damages and declaratory relief.

On June 12, 2017, plaintiff filed this action against defendants, asserting seven claims for relief: (1) strict products liability, (2) negligence, (3) breach of express warranty, (4) breach of implied warranty of merchantability under Or. Rev. Stat. § 72.3140, (5) breach of implied warranty of fitness for particular purpose under Or. Rev. Stat. § 72.3150, (6) breach of manufacturer's implied warranty of merchantability under Or. Rev. Stat. § 72.8020, and (7) declaratory relief. Plaintiff seeks to bring this case as a class action under Federal Rule of Civil Procedure 23. The proposed class is: "All persons and entities in the State of Oregon who own or owned homes, apartments, office buildings, or other structures in which WindsorONE trim board is or was installed on the exterior[.]" Compl. ¶ 135.

On August 11, 2017, defendants filed a motion to dismiss and, alternatively, a motion to strike the class allegations, arguing plaintiff's claims are barred by the statutes of limitations, implied warranties do not apply because of the terms of the express warranty, and plaintiff did not rely on any statements about WindsorONE trim board in deciding to purchase his house.. Defendants also contend that plaintiff's complaint is defective because the proposed class is overbroad, includes putative members who lack standing, and is insufficiently numerous and because Plaintiff Robert Torch is an atypical and inadequate class representative. Additionally, defendants aver that individual issues will predominate and that individual actions would be a

superior method of adjudicating the controversy. On September 22, 2017, plaintiff filed a motion for leave to amend the complaint. I will first address the motion to amend.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 15(a), "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) ("In general, a court should liberally allow a party to amend its pleading."). The Ninth Circuit has cautioned that a court "may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" *Id.* (alteration in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## DISCUSSION

Defendants argue that amendment would be futile and that plaintiff's motion for leave to amend should therefore be denied. Plaintiff's proposed amendment adds a plaintiff, Jesus "Jesse" Gomez. Defendants argue that plaintiff's proposed amendment is futile because Gomez's claims are barred by the applicable statutes of limitations. In addition, defendants argue that plaintiffs have not alleged any tolling of the statute of limitations. Finally, defendants argue that the the proposed amendment is futile because it adds a plaintiff, Gomez, who is not a typical or adequate class representative.

Futility alone is enough to deny a motion for leave to amend. *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). However, a proposed amendment is futile only if "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient

Page 3 – OPINION AND ORDER

claim." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).[1] Additionally, a proposed amendment is futile if it "either duplicative of existing claims or patently frivolous, or both." *Bonin v. Calderon*, 59 F.3d 815, 846 (9th Cir. 1995). The party opposing the amended complaint bears the burden of showing futility. *Nunes*, 375 F.3d at 808.

Plaintiff, in the initial complaint and the proposed amended complaint, asserts equitable estoppel. Plaintiff alleges that "[d]ue to Defendants' fraudulent concealment of the defects associated with its trim board, Defendants are estopped from asserting statute of limitations defenses to any of the claims alleged herein." Compl. ¶¶ 149; Proposed Amend. Compl. ¶¶ 184. In addition, plaintiff, in response to defendants' motion to dismiss, asserts equitable tolling of the statute of limitations. Plaintiff alleges that he "was a putative class member in an action pending in the United States District Court for the Northern District of California" which "alleg[ed] essentially the same facts and claims as the instant action." Pl.'s Mem. Opp. Defs.' Mot Dismiss 10 (doc. 42). Plaintiff asserts that "the California action tolled the statute of limitations for Mr. Torch and the putative class."

Equitable tolling and equitable estoppel are doctrines which may apply to extend the limitations period or preclude a defendant from asserting that defense. *Lukovsky v. City & Cty. of San Francisco*, 535 F.3d 1044, 1051 (9th Cir. 2008). Equitable estoppel, which is sometimes referred to as "fraudulent concealment," focuses primarily on actions taken by the defendant to prevent a plaintiff from filing suit. *Id.* Conversely, equitable tolling focuses on "whether there was excusable delay by the plaintiff: If a reasonable plaintiff would not have known of the

---

[1] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) rejected the "no set of facts" test for motions to dismiss for failure to state a claim. However, even after *Twombly and Iqbal*, the Ninth Circuit has continued to apply the "no set of facts" test to motions for leave to amend. *See, e.g., Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017).

Page 4 – OPINION AND ORDER

existence of a possible claim within the limitations period, then equitable tolling will serve to extend the statute of limitations for filing suit until the plaintiff can gather what information he needs." *Id.* (quoting *Johnson v. Henderson*, 314 F.3d 409, 414 (9th Cir. 2002)).

Analysis of whether the statute of limitations has actually been tolled or whether defendants are equitably estopped from asserting statute of limitations defenses is not appropriate at this stage of the litigation, as I am simply looking to whether there is a set of facts that, if proven, would constitute a valid and sufficient claim. Given what is alleged in plaintiff's proposed amended complaint, including but not limited to the facts regarding equitable estoppel and equitable tolling, I cannot conclude the amendment would be futile.

In addition, plaintiff's proposed amended complaint includes facts regarding the typicality and adequacy of the proposed additional plaintiff as a class representative. If true, those allegations could support a finding that proposed plaintiff Gomez is an adequate class representative. Again, weighing the evidence supporting those allegations is not appropriate at this juncture. Inclusion of facts that, if proved, would constitute a valid and sufficient claim is sufficient for purposes of allowing plaintiff leave to amend his complaint.

Because the proposed amendments are not futile, because I find no other reason to decline to grant leave to amend exists, and because permitting amendment serves the interests of justice, plaintiff's motion for leave to file an amended complaint is granted. Defendants have not carried their burden of showing that the amendment would be futile.

Because defendants' motion to dismiss and motion to strike are based on plaintiff's initial complaint, those motions are denied as moot. Defendant may again make those motions upon plaintiff's filing of an amended complaint. I realize that even upon plaintiff's amendment,

substantial portions of defendants' arguments may remain applicable and defendants may reassert those arguments.

Defendants, in their opposition to plaintiff's motion to amend, request that the Court take judicial notice of a pending action, *Windsor Surry Company, et al. v. Jesus Gomez*, Case No. 17CV41107, filed September 20, 2017 in the Circuit Court of the State of Oregon, County of Multonomah. That case, which defendants filed against proposed plaintiff Gomez, asserts Gomez breached a settlement agreement and release by attempting to join this lawsuit. Defendants' request for judicial notice is GRANTED, as court filings are appropriate subjects of judicial notice. *See* Fed. R. Evid. 201(b)(2). However, the pending state court action does not justify denying plaintiff's motion to amend because an unresolved breach of contract claim does not establish futility of amendment. Defendants may assert arguments regarding breach of a settlement agreement and/or release in subsequent motions once plaintiff files an amended complaint.

## CONCLUSION

Plaintiff's Motion for Leave to File First Amended Class Action Allegation Complaint (doc. 40) is GRANTED and defendants' Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (doc. 17) and Motion to Strike Class Allegations (doc. 18) are DENIED as moot. Plaintiff is granted leave to file an amended complaint within 14 days of this order.

IT IS SO ORDERED.

Dated this 24 day of October 2017.

_____
Ann Aiken
United States District Judge

Page 6 – OPINION AND ORDER